UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDY GERNER<br><br>　　　　Plaintiff<br><br>vs.<br><br>DIVERSIFIED COLLECTION<br>SERVICES, INC.<br><br>　　　　Defendant | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Lindy Gerner, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.  Plaintiff, Lindy Gerner (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.    JURISDICTION

2.    Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.    Venue in this district is proper in that Defendant transacts business here and maintains a registered office in this district.

## III.    PARTIES

4.    Plaintiff, Lindy Gerner, is an adult natural person residing at 1601 R Avenue, Newcastle, IN 47362. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.    Defendant, Diversified Collection Services, Inc., at all times relevant hereto, is and was a business entity engaged in the business of collecting debt in the State of Indiana and the Commonwealth of Pennsylvania, with a primary office located at 333 North Canyon Parkway, Suite 100, Livermore, CA and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6.    Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7. At all times pertinent hereto, Defendant was hired by National Collegiate Trust to collect a debt relating to a private student loan Plaintiff used to attend college.

8. Plaintiff's co-signer on the loan is Tom Reddington, who is elderly and not in good health.

9. On or about June 10, 2010 Plaintiff entered into a settlement arrangement with a company separate and independent of Defendant for a different student loan with a nearly identical balance.

10. The amount of Plaintiff's settlement arrangement with the aforementioned company was $13,000.

11. Within days of Plaintiff's arranged settlement, Defendant placed a call to Tom Reddington, and attempted to establish settlement arrangements on the account Defendant is collecting for.

12. During this call, Defendant coerced Plaintiff's co-signer, Tom Reddington, into a settlement arrangement that was also for $13,000.

13. Plaintiff's co-signer, Tom Reddington, was lead to believe that Defendant was the same company both he and Plaintiff had agreed to a settlement offer with and as a result of such, gave his bank account information to Defendant.

14. Plaintiff soon learned that Defendant had mislead her co-signer into committing to a payment that was not affordable nor feasible for Plaintiff or Plaintiff's co-signer, Tom Reddington.

15. Plaintiff immediately called Defendant and spoke with "Emily Ray" so the scheduled transaction could be cancelled.

16. "Emily Ray" was adamant that the scheduled payment could not be stopped and Plaintiff must call the company with whom Plaintiff's initial settlement was established with, and cancel it.

17. Over the next several days, Plaintiff attempted to have the transaction canceled on over fifteen (15) occasions.

18. "Emily Ray" threatened Plaintiff with "involuntary collections" if the funds were not available on the day of the scheduled payment.

19. Plaintiff attempted to explain to "Emily Ray" that her co-signer, Tom Reddington, does not have enough money in his bank account to cover both transactions, which would total $26,000, but Emily Ray retorted, "Oh really?  Well I'm looking at this credit report right now and I see that he has a credit card with 0% interest that he can use to pay this off."

20. "Emily Ray" warned Plaintiff that if the payment isn't made, Defendant will "destroy" the credit of Plaintiff and her co-signer, Tom Reddington.

21. Plaintiff also told "Emily Ray" that she talked to National Collegiate Trust to see if it would be possible to consolidate her loans, and "Emily Ray" warned Plaintiff that she cannot talk to National Collegiate Trust any longer and must contact Defendant directly.

22. Additionally, Defendant consistently refused a payment arrangement because of their insistence that Plaintiff's co-signer, Tom Reddington could satisfy the entire balance with a credit card.

23. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

24. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692d:   Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(6):   Placed telephone calls without disclosing his/her identity

§ 1692e:   Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(4):   Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment

§ 1692e(5):   Threaten to take any action that cannot legally be taken or that is not intended to be taken

§ 1692e(8):   Threatens or communicates false credit information, including the failure to communicate that a debt is disputed

§ 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Diversified Collection Services, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d. Such addition and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

              Respectfully submitted,

              WARREN & VULLINGS, LLP

Date: September 30, 2010   BY: */s/ Brent F. Vullings*
              Brent F. Vullings, Esquire

              Warren & Vullings, LLP
              1603 Rhawn Street
              Philadelphia, PA  19111
              215-745-9800  Fax 215-745-7880
              Attorney for Plaintiff